```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
MMJ BIOPHARMA CULTIVATION INC.,     )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   C.A. No. 24-127 WES
                                    )
PAMELA BONDI, et al.,¹              )
                                    )
         Defendants.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Defendants' Motion to Dismiss All Claims with Prejudice Under Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the Alternative, Rule 56 ("Motion to Dismiss"). ECF No. 16. For the reasons below, the Motion to Dismiss is granted.

I.   BACKGROUND

Plaintiff MMJ BioPharma Cultivation Inc. ("MMJ") applied to register with the U.S. Drug Enforcement Administration ("DEA") because it wants to cultivate marijuana — a "controlled substance" under federal law — for research purposes. Am. Compl. ¶ 34, ECF

---

¹ Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Pamela Bondi and Acting Administrator of the U.S. Drug Enforcement Administration ("DEA") Derek S. Maltz, both in their official capacities, are substituted as Defendants in place of former Attorney General Merrick B. Garland and former DEA Administrator Anne Milgram.

No. 15; see also 21 U.S.C. § 812, Schedule I(c)(10); 21 C.F.R. § 1318.  MMJ alleges the DEA unlawfully delayed the application process for several years before finally issuing an order to show cause why MMJ's application should not be denied.  Am. Compl. ¶¶ 34-62; see also 21 U.S.C. §§ 823(j)(2), 824(c).  MMJ thereafter requested a hearing before a DEA Administrative Law Judge ("ALJ"), but then turned around and filed this lawsuit, arguing that present constraints on the President's power to remove DEA ALJs are unconstitutional.  See Am. Compl. ¶¶ 79-86.  MMJ seeks injunctive relief from being required to "submit to an unconstitutional proceeding led by an unconstitutional decisionmaker" as well as a declaratory judgment that the statutory and regulatory framework governing the removal of DEA ALJs violates the Constitution.  Id. ¶¶ 87-92.

Defendants filed their Motion to Dismiss on three grounds, only the second of which the Court need consider.  The first ground for dismissal was that the Court lacks subject matter jurisdiction to review the underlying application process.  See Mot. Dismiss 9-14.  The Court need not consider this ground because MMJ has since clarified that it is not currently seeking judicial review of its application.  See Pl.'s Resp. Opp'n Mot. Dismiss/Mot. Summ. J. ("Pl.'s Resp.") 7, ECF No. 20.  The third ground for dismissal was that MMJ fails to allege any viable claims because the removal

protections afforded to DEA ALJs are constitutional. See Mot. Dismiss 17-21. The Court need not consider this ground because Defendants have since changed their position and now agree with MMJ that the removal protections violate the Constitution. See Defs.' Notice Change Position 1, ECF No. 22. The Court takes no position on the merits of either of these arguments.

Defendants' second ground for dismissal is that MMJ fails to show that appearing before a DEA ALJ, even one unconstitutionally protected from removal, would cause irreparable harm. Mot. Dismiss 14-17. Notwithstanding their change of position, Defendants argue this ground for dismissal remains in play. Defs.' Notice Change Position 1.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

The Court finds that MMJ has failed to state a claim for injunctive relief and, therefore, this action must be dismissed. A plaintiff seeking permanent injunctive relief must show that it

will suffer irreparable harm absent such relief, among other requirements. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (noting the plaintiff must also address inadequacy of legal remedies, balance of hardships, and the public interest). MMJ argues that unless the Court enjoins the DEA from subjecting MMJ to an administrative proceeding before one of its ALJs, MMJ will suffer irreparable harm. Am. Compl. ¶¶ 88-89. The basis of MMJ's irreparable-harm argument is that the allegedly unconstitutional removal protections afforded to DEA ALJs will infect the entire proceeding, thereby causing an injury per se. See id. The Court assumes, for the purposes of evaluating the Motion to Dismiss, that MMJ's supposition is correct.

Similar arguments have been made successfully in the appointment context. The Supreme Court has held "that 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief," because the unconstitutional appointment undermines the officer's ability to exercise legitimate authority, tainting the proceedings over which they preside. Lucia v. SEC, 585 U.S. 237, 251 (2018) (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)). In other words, an officer's authority to exercise power

depends on the validity of their appointment.[2]

Removal is different from appointment because it sits downstream of an officer's powers; and, generally speaking, the river does not flow in reverse. That is, because an officer is unconstitutionally protected from removal does not mean that they lack constitutional authority to carry out the role for which they were appointed. In Collins v. Yellen, for example, the Supreme Court held that the removal protections afforded to the Director of the Federal Housing Finance Agency were unconstitutional. 594 U.S. 220, 250-56 (2021) (citing Seila Law LLC v. CFPB, 591 U.S. 197 (2020)). The Court noted, however, that "[s]ettled precedent . . . confirms that the unlawfulness" of those protections do not "strip the Director of the power to undertake the other responsibilities of his office." Id. at 258 n.23 (citing Seila Law, 591 U.S. at 231-37). So it is here: even if DEA ALJs have unconstitutional removal protections, that alone does not automatically render proceedings before them void.

To be sure, Collins did not rule out the possibility that an unconstitutional removal restriction could "inflict compensable harm":

Suppose, for example, that the President had attempted

---

[2] MMJ concedes that DEA ALJs are constitutionally appointed. Am. Compl. ¶ 79, ECF No. 15; see also Mot. Amend Compl. 1-2, ECF No. 14.

>   to remove a Director but was prevented from doing so by a lower court decision holding that he did not have "cause" for removal. Or suppose that the President has made a public statement expressing displeasure with actions taken by a Director and has asserted that he would remove the Director if the statute did not stand in the way. In those situations, the statutory provision would clearly cause harm.

Id. at 259-60. The upshot is that entitlement to injunctive relief requires more than a showing that a removal provision is unconstitutional; rather, there must be a showing that the unconstitutional provision affected or likely will affect the decision. See id. at 274 (Kagan, J., concurring) ("I also agree that plaintiffs alleging a removal violation are entitled to injunctive relief — a rewinding of agency action — only when the President's inability to fire an agency head affected the complained-of decision." (internal citations omitted)). MMJ has not made such a showing.

Notwithstanding Collins, MMJ argues that another case, Axon Enterprises, Inc. v. FTC, 598 U.S. 175 (2023), supports its contention that appearing before a DEA ALJ with unconstitutional removal protections would cause irreparable harm. See Pl.'s Resp. 21-23.[3] But that case concerned only whether federal district

---

[3] In its Response, MMJ takes a cue from Axon and raises a new argument that the DEA's review process unlawfully combines "prosecutorial and adjudicatory functions." See Pl.'s Resp. Opp'n Mot. Dismiss/Mot. Summ. J. 20-21, ECF No. 20 (quoting Axon Enter., Inc. v. FTC, 598 U.S. 170, 175 (2023)). MMJ does not flesh out

courts have jurisdiction over claims like MMJ's, not whether the plaintiffs' constitutional challenges were viable. See Axon, 598 U.S. at 180 ("Our task today is not to resolve those challenges; rather, it is to decide whether they may be heard."); see also Leachco, Inc. v. Consumer Prod. Safety Cmm'n, 103 F.4th 748, 759 (10th Cir. 2024) ("[W]e will not misunderstand what was said about jurisdiction in Axon 'as a holding on a party's entitlement to relief based on an unconstitutional removal provision.'" (quoting Collins, 594 U.S. at 258 n.24)).

    The Court's jurisdiction is not contested here. Rather, the question is whether MMJ has shown that it is entitled to injunctive relief based solely on its contention that the officer adjudicating its case is unconstitutionally protected from removal. Because Collins tells us that this contention alone is not enough for a showing of irreparable harm, this action must be dismissed.

---

this argument, cites no supporting case law, and makes only conclusory assertions about the review process. See id.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss All Claims with Prejudice Under Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the Alternative, Rule 56. ECF No. 16.  But the title of that Motion notwithstanding, MMJ's claims are dismissed <u>without prejudice</u>.

IT IS SO ORDERED.

/s/ W.E. Smith
_____
William E. Smith
Senior District Judge
Date:  March 28, 2025