```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                                   )
MMJ BIOPHARMA CULTIVATION, INC.,   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 24-127 WES
                                   )
PAMELA BONDI, et al.,              )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Plaintiff's Motion for Reconsideration ("Motion to Reconsider"), ECF No. 25. For the reasons below, the Motion to Reconsider is denied.

Plaintiff MMJ BioPharma Cultivation, Inc. ("MMJ") moves the Court to reconsider its judgment dismissing this action pursuant to a Memorandum and Order entered March 28, 2025. Mot. Reconsider 1; see generally Judgment (Mar. 28, 2025), ECF No. 24; Mem. & Order (Mar. 28, 2025), ECF No. 23. MMJ argues that it was a manifest error of law for the Court to dismiss the action, which sought (1) injunctive relief against appearing before an Administrative Law Judge ("ALJ") of the U.S. Drug Enforcement Administration ("DEA"), and (2) a declaratory judgment that DEA ALJs are unconstitutionally protected from removal. Mot. Reconsider 4-5; see 1st Am. Compl. ¶¶ 87-92, ECF No. 15. Because these are separate claims for

relief, and because Defendants agree with MMJ that the removal protections afforded to DEA ALJs are unconstitutional, see Defs.' Notice Change Position 1, ECF No. 22, MMJ contends that the Court should have entered judgment declaring the protections unconstitutional, or at least it should have allowed the claim for declaratory relief to proceed.  Mot. Reconsider 4-5.

Defendants oppose the Motion to Reconsider.  See Defs.' Opp'n Mot. Reconsider ("Defs.' Opp'n"), ECF No. 26.  They note that whether to enter declaratory judgment is a matter of discretion. Id.  And they argue that although the Department of Justice is not defending the constitutionality of the removal protections, MMJ's claim for declaratory relief fails because it cannot allege, as required under Collins v. Yellen, 594 U.S. 220 (2021), that the removal protections have caused it harm.  Defs.' Opp'n 2 (citing Collins, 594 U.S. at 259-60).

\* \* \*

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  The Court understands that MMJ would have preferred a more explicit ruling on its claim for declaratory relief.  But while the Memorandum and Order focuses on MMJ's claim for injunctive relief, its reasoning

2

is no less dispositive of MMJ's request for a declaratory judgment. In any event, the Court acted well within its discretion in declining to entertain that request.

For one, and most critically, a declaratory judgment would not settle the controversy at issue, i.e., whether MMJ must appear before a DEA ALJ, and indeed would serve no purpose in clarifying the "rights and other legal relations" of the parties. 28 U.S.C. § 2201(a); see also 1st Am. Compl. ¶ 1 (describing nature of action). Even if DEA ALJs are unconstitutionally protected from removal, that does not mean that MMJ has a right against appearing before one, or that doing so would cause it harm. See Mem. & Order 5 (citing Collins, 594 U.S. at 250-56, 258 n.3). Furthermore, although Collins left open the possibility of retrospective relief in certain cases, such as where an unlawful removal protection affects the substance of a challenged decision, this is not one of those cases. See id. at 6. The only harm that MMJ alleges is the prospective harm of being "subjected to . . . an unconstitutional proceeding." 1st Am. Compl. ¶ 3. But as the Supreme Court has explained, unlike an official who is unlawfully appointed, an official who is unlawfully protected from removal may nevertheless "carry out the functions of the office." Collins, 594 U.S. at 258; see also id. at 267 (Thomas, J., concurring) ("The mere existence of an unconstitutional removal provision . . . generally

3

does not automatically taint Government action by an official unlawfully insulated."). A declaratory judgment therefore would not resolve the dispute or be otherwise useful. On that basis alone, the Court has reason not to entertain MMJ's claim for declaratory relief. See Wilton, 515 U.S. at 288 ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").

If that were not enough, MMJ's request for declaratory relief invites the Court to resolve significant questions of public law concerning the structure of the executive branch and the separation of powers, and to do so without "the clash of adversary argument" necessary for a court to exercise its proper role. Flast v. Cohen, 392 U.S. 83, 96-97 (1968) (quoting United States v. Fruehauf, 365 U.S. 146, 157 (1961)). "[T]he discretion to grant declaratory relief is to be exercised with great circumspection when matters of public moment are involved." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 540, 535 (1st Cir. 1995). Moreover, in "constitutional cases" such as this, there is a "need for courts to be chary" when confronted with "declaratory judgment actions. Uncertain questions of law should be addressed only when absolutely necessary." El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 494

4

(1st Cir. 1992).

For these reasons, the Court finds that it was not manifest error to dismiss the action, and therefore it will not reconsider its prior judgment.

Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 25, is DENIED.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Senior District Judge
Date: April 23, 2025